but when he seeks to make some one else bear the expense of such a proceeding there is neither equity nor justice in his position.

His application, therefore, to compel respondent to account is denied, with $10 costs.

Application denied, with $10 costs.

---

(50 Misc. Rep. 229.)

### In re BUTLER'S ESTATE.

(Surrogate's Court, Kings County. April, 1906.)

WILLS—CONSTRUCTION—DESCRIPTION OF DEVISEES.

Testatrix by her will directed the one-fifth of the residue of her estate to be divided into five parts, one of which was bequeathed to her son and the residue in trust for her six grandchildren, to be distributed among them on the youngest attaining majority. One of the grandchildren died and another child was born to the son. Thereafter testatrix executed a codicil in which she reaffirmed her will, and did not provide for the contingency arising from the death of one child and the birth of the other. *Held*, that a gift to such of her grandchildren as were living at the time of her death was created by the will and the youngest grandchild was entitled to share equally with the other grandchildren; and the estate was divisible on his arriving at the age of 21 years.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 1116–1127.]

In the matter of the judicial settlement of the accounts of trustee of estate of Charity M. Butler, deceased. Decree rendered.

Carrington & Pierce, for trustee.

H. N. Whitehouse, for Wellington F. Butler.

Godfrey Goldmark, for Adelaide B. Ward and others.

CHURCH, S. The deceased herein made a will in which, after making various provisions for certain of her children (of whom she had five), she made the following provision for one of her children and for her grandchildren of such child:

"One equal one-fifth of the residue shall be again divided into five parts, one of which I give and bequeath to my son, Edwin Butler, and the remaining four-fifths of said one-fifth to my said son, Orlando W. Butler, in trust, however, for my grandchildren, Frederick A., Adelaide, Edwin Jr., Lillian, Howard, Florence and Ethel, the children of my said son Edwin, to be divided between them, share and share alike, when the youngest of them shall have reached the age of twenty-one years."

Subsequent to the making of such will, one of said grandchildren, Frederick A., died; and also the said son, Edwin Butler, had another child, whose name is Wellington F. Butler. Subsequent to the happening of both of these events the testatrix made a codicil to her last will and testament in which she reaffirmed the same; but in such codicil she made no specific provision to cover the contingency arising from the death of Frederick A. Butler and the birth of Wellington F. Butler.

The special guardian representing the said Wellington F. Butler contends that this paragraph of the will should be construed as a gift to the children of Edwin Butler who were alive at the time of the death of the testatrix, and that therefore the infant, Wellington F.

Butler, is entitled to share in it the same as his brothers and sisters and that the said trust should be continued until the said infant has reached the age of 21 years.

It appears that the executors have previously accounted herein and that the question of the construction of this paragraph of the will was made the subject of judicial examination by the surrogate, and that the surrogate interpreted the clause in accordance with the contention of the said special guardian; but it also appears that the said infant, Wellington F. Butler, was not made a party to such proceeding, and therefore the parties seek to have such question again determined. Irrespective of whether the former decree herein is res adjudicata as to the rights of the infant, Wellington F. Butler, the position taken by the special guardian on his behalf seems to me to be correct, as also does the previous decree of the surrogate. The special guardian has very carefully framed an excellent brief showing not only that the decision of the surrogate was in accordance with the decisions of the higher courts, as they had been handed down at that time, but that the same rule has been followed in subsequent, recent decisions by the Court of Appeals; and the position of said special guardian is therefore sustained. A decree will be entered declaring that all of the children of the said Edwin Butler in existence at the time of the death of the testatrix are entitled to share in such trust fund, and that such trust should be continued until the infant, Wellington F. Butler, arrives at the age of 21 years.

Let a decree be therefore presented accordingly.

Decreed accordingly.